# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DAVID THOMAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-17-358-G** |
| | ) | |
| **NANCY A. BERRYHILL, Acting** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Plaintiff David Thomas brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the portion of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's applications for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income ("SSI") under the Title XVI of the Social Security Act, *id.* §§ 1381-1383f. Upon review of the administrative record (Doc. No. 9, hereinafter "R. _"),[1] and the arguments and authorities submitted by the parties, the Court affirms the Commissioner's decision.

## PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

Plaintiff protectively filed his DIB application on March 17, 2014, and protectively filed his SSI application on March 19, 2014. R. 19, 178-81, 182-88. In both applications, Plaintiff alleged a disability-onset date of July 20, 2009. R. 19, 178, 182, 206. Plaintiff

---

[1] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

subsequently amended his alleged onset date to August 21, 2010 (his 50th birthday). R. 19, 34. Following denial of the applications initially and on reconsideration, a hearing was held before an administrative law judge ("ALJ") on March 7, 2016. R. 32-61, 112-16, 117-20, 123-25, 126-28. In addition to Plaintiff, a vocational expert ("VE") testified at the hearing. R. 56-60. The ALJ issued a partially favorable decision on April 18, 2016. R. 15-27.

The Commissioner of Social Security uses a five-step sequential evaluation process to determine entitlement to disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his amended onset date. R. 21. At step two, the ALJ determined that Plaintiff had the severe medically determinable impairment of diabetes mellitus ("DM"). R. 21. The ALJ also found that Plaintiff had the nonsevere impairments of hypertension, gastroesophageal reflux disease, hyperlipidemia, osteoarthritis, tinnitus, and obesity. R. 22. At step three, the ALJ found that Plaintiff's condition did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 22-23.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all of his medically determinable impairments. R. 23-26. The ALJ found that since his amended onset date, Plaintiff had the RFC to perform a full range of light work. R. 23. At step four, the ALJ, relying on the VE's testimony, determined that Plaintiff was incapable of performing his past relevant work as a newspaper pressman and a welder/fabricator. R. 26.

At step five, the ALJ considered whether there are jobs existing in significant numbers in the national economy that Plaintiff—in view of his age, education, work experience, and RFC—could perform. R. 26-27. Relying upon the VE's testimony, Section 204.00 of the Medical-Vocational Guidelines, and Social Security Ruling 85-15, the ALJ found that prior to August 20, 2015, a finding of "not disabled" was directed by Medical-Vocational Rule 202.14. R. 26-27; *see* 20 C.F.R. pt. 404, subpart P app. 2, tbl.2 r. 202.14. The ALJ further found Plaintiff disabled beginning on August 20, 2015, when Plaintiff turned 55 years old, by direct application of Medical-Vocational Rule 202.06. R. 27; *see* 20 C.F.R. pt. 404, subpart P app. 2, tbl.2 r. 202.06.

Plaintiff's request for review by the SSA Appeals Council was denied on February 3, 2017, and the partially favorable determination of the ALJ stands as the Commissioner's final decision. *See* R. 1-6; 20 C.F.R. §§ 404.981, 416.1481.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a

whole," including any evidence "that may undercut or detract from the ALJ's findings," "to determine if the substantiality test has been met." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While a reviewing court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ANALYSIS

Plaintiff argues that the ALJ erred by: (1) improperly rejecting opinions from two of Plaintiff's treating physicians, (2) failing to explain the weight given to the opinions of state-agency reviewing physicians, and (3) not taking into consideration Plaintiff's obesity when formulating the RFC. *See* Pl.'s Br. (Doc. No. 13) at 15-27.

I.     WHETHER THE ALJ IMPROPERLY REJECTED TWO TREATING-PHYSICIAN OPINIONS

Plaintiff argues that the ALJ erred by giving "little weight" to the opinions of Plaintiff's treating physicians Juan Maldonado, MD, and Jay Carroll Belt, DO. *See* Pl.'s Br. at 16-20.

A.  *The Treating-Physician Rule*

Specific SSA regulations govern the consideration of opinions by "acceptable medical sources." *See* 20 C.F.R. §§ 404.1502, .1513(a); *id.* §§ 416.902, .913(a) (2016). The Commissioner generally gives the highest weight to the medical opinions of a "treating source," which includes a physician who has provided the claimant "with medical treatment or evaluation" during a current or past "ongoing treatment relationship" with the

claimant. *Id.* §§ 404.1502, 416.902; *see id.* §§ 404.1527(c)(2), 416.927(c)(2); *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004).

When considering the medical opinion of a claimant's treating physician, the ALJ must first determine whether the opinion should be given "controlling weight" on the matter to which it relates. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The opinion of a treating physician must be given controlling weight if it is both "'well-supported by medically acceptable clinical and laboratory diagnostic techniques'" and not inconsistent with the other substantial evidence in the record. *Watkins*, 350 F.3d at 1300 (quoting SSR 96-2p, 1996 WL 374188, at *2 (July 2, 1996));[2] 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

A treating-physician opinion not afforded controlling weight is still entitled to deference. *See Watkins*, 350 F.3d at 1300; SSR 96-2p, 1996 WL 374188, at *4 ("In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight."). If the ALJ has determined that the medical opinion of a treating physician is not entitled to controlling weight, the ALJ must determine what lesser weight should be afforded the opinion. *See Watkins*, 350 F.3d at 1300-01; *Langley*, 373 F.3d at 1119. In this second inquiry, the determination of how much deference to afford a treating-physician opinion not entitled to controlling weight should be made in view of a prescribed set of regulatory factors:

(1) the length of the treatment relationship and the frequency of examination;

---

[2] Social Security Ruling 96-2p has been rescinded for claims filed on or after March 27, 2017. *See* Rescission of Social Security Rulings 96-2p, 96-5p, and 06-3p, 82 Fed. Reg. 15263-01 (Mar. 27, 2017).

(2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins*, 350 F.3d at 1301 (internal quotation marks omitted); *see* 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6). The ALJ's decision "'must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Watkins*, 350 F.3d at 1300 (quoting SSR 96-2p, 1996 WL 374188, at *5).

### B. The Opinions of Dr. Maldonado and Dr. Belt

The record reflects that Plaintiff was treated by Dr. Maldonado in 2008-2009 and in 2015-2016, primarily for issues related to Plaintiff's DM, blood pressure, cholesterol, and left hip. R. 293-300, 326-30. In June 2014, Dr. Maldonado examined Plaintiff and completed a Medical Source Statement ("MSS") regarding Plaintiff's RFC. R. 318-23 (Ex. 4F), 324 (Ex. 5F). In the MSS Dr. Maldonado assessed Plaintiff as able to stand and walk less than 2 hours during an 8-hour day, able to sit about 2 hours during an 8-hour day, and able to lift and carry ten pounds occasionally and less than ten pounds frequently. R. 324. Dr. Maldonado further opined that Plaintiff would be absent from work more than three days per month because of his treatment or impairments and would be off-task at work 25% or more of the workday. R. 324.

Plaintiff was treated by Dr. Belt from 2010 to 2014 for similar issues. R. 301-15. In March 2014, Dr. Belt completed an MSS and assessed Plaintiff as being able to sit or to

stand and walk for less than 2 hours during an 8-hour day. R. 316 (Ex. 3F). Dr. Belt opined

that Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently. R. 316.

Like Dr. Maldonado, Dr. Belt found that Plaintiff would be absent from work more than

three days per month and would be off-task 25% or more of the workday. R. 316.

### C. The ALJ's Consideration of the Treating Physicians' Opinions

In the written decision, the ALJ discussed these treating physicians' treatment

records and gave "little weight" to each of their MSS opinions. R. 22, 23-24, 25-26.

Regarding Dr. Maldonado's MSS, the ALJ stated:

> Dr. Maldonado is an examining and treating acceptable medical source.
> However, his opinion is largely inconsistent with his scant treatment notes of
> record, which revealed a normal physician examination in February 2016,
> less some left ankle edema (Exhibit 6F, 3). In addition, his opinion is
> inconsistent with Dr. Belt's examinations of the claimant, which merely
> revealed abdominal tenderness (Exhibit 2F). Moreover, his opinion is
> inconsistent with Dr. Boatman's assessment, who . . . specializes in surgery
> (Exhibit 7A, 9). Finally, his opinion is also largely inconsistent with the
> claimant's reported level of functioning, as cited above. For these reasons,
> Dr. Maldonado's opinion is given little weight.

R. 25.

The ALJ similarly assessed Dr. Belt's MSS:

> Dr. Belt is a treating acceptable medical source. However, his opinion is
> largely inconsistent with his scant treatment notes of record, which revealed
> only abdominal tenderness (Exhibit 2F, 5). In addition, his opinion is
> inconsistent with his conservative treatment of the claimant, as Dr. Belt
> merely prescribed Metformin and advised the claimant to diet and exercise
> (Ex. 2F, 4). Therefore, like Dr. Maldonado, Dr. Belt's opinion is
> unsupported by his physical examinations of the claimant and his
> conservative treatment of the claimant. Moreover, his opinion is inconsistent
> with Dr. Boatman's assessment, who . . . specializes in surgery (Exhibit 7A,
> 9). Finally, his opinion is also inconsistent with the claimant's reported level
> of functioning, as cited above. For these reasons, Dr. Belt's opinion is given
> little weight.

R. 25-26.

The ALJ additionally assigned great weight to the opinions of state-agency medical consultants "J.S.," DO, and Karl Boatman, MD. R. 25. These physicians each reviewed the medical evidence and opined that Plaintiff was able to perform light work without additional limitations or restrictions. R. 69-70, 80-81, 93-94, 105-06.

### D. Discussion

Plaintiff argues that the ALJ erred by assigning little weight to the opinions of treating physicians Dr. Maldonado and Dr. Belt. *See* Pl.'s Br. at 16. According to Plaintiff, the ALJ did not consider the similarities between the opinions of Dr. Maldonado and Dr. Belt, did not mention objective findings supporting these opinions, and selectively reviewed the record, "mentioning the parts favorable to her position, and ignoring those parts which were not." *Id*. at 18-20 (citing *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) ("It is improper for the ALJ to pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence.")).

The ALJ's assessment of the evidence, and her reliance on this assessment in weighing the above-mentioned treating-source opinions, is supported by substantial evidence. When an ALJ rejects a treating physician's opinion, he or she must articulate "specific, legitimate reasons" for doing so. *Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001) (internal quotation marks omitted). In weighing the opinion of Dr. Maldonado, the ALJ noted that he was a treating physician but also found that the extreme restrictions assessed by Dr. Maldonado were inconsistent with the physician's own

treatment records, the physical examination conducted by Dr. Belt, the opinion of reviewing physician Dr. Boatman, and with Plaintiff's self-reported activities of daily living. R. 25. In assigning Dr. Belt's opinion little weight, the ALJ offered similar reasoning, finding that Dr. Belt's opinion was also inconsistent with the physician's treatment notes, his conservative treatment of Plaintiff's conditions, and the opinion of Dr. Boatman. R. 25.

As explained above, an ALJ is only required to give controlling weight to a treating physician's opinion if the opinion is *both* well supported and "not inconsistent with other substantial evidence in the record." *Drapeau*, 255 F.3d at 1213. The ALJ's finding of multiple inconsistencies between the MSS opinions and the remainder of the record constitutes a specific and legitimate reason for rejection that complies with the requirements of the treating-physician rule. *See id.*; *Watkins*, 350 F.3d at 1300; 20 C.F.R. §§ 404.1527(c)(3), (c)(4), 416.927(c)(3), (c)(4). The possibility of drawing two different conclusions from the same facts "does not prevent an administrative agency's findings from being supported by substantial evidence," and the Court may not "displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (alteration and internal quotation marks omitted).

Plaintiff further argues that the ALJ improperly cited the "scant" treating record provided by Drs. Maldonado and Belt when weighing their opinions. R. 25; *see* Pl.'s Br. at 19. Specifically, Plaintiff contends that it was inappropriate for the ALJ to use Plaintiff's

limited treatment history to support her findings, given Plaintiff's testimony that he had been without health insurance since 2009 and, since that time, had only sought treatment when he needed to refill his prescriptions. R. 55. Plaintiff argues that this inability to afford consistent treatment affected the volume of medical evidence in the record. *See* Pl.'s Br. at 19.

Social Security Ruling 16-3p establishes that an ALJ "will not find an individual's symptoms inconsistent with the evidence in the record" on the basis that "the frequency or extent of the treatment sought by the individual is not comparable with the degree of the individual's subjective complaints" without considering possible reasons why the individual may not have sought treatment, such as an inability to afford treatment. SSR 16-3p, 2017 WL 5180304, at *9-10 (Oct. 25, 2017); *see also Alarid v. Colvin*, 590 F. App'x 789, 793 (10th Cir. 2014). In this case, there is no indication that the ALJ relied upon any failure by Plaintiff to seek treatment as a basis to discount Plaintiff's subjective complaints. R. 24. The ALJ's reference to a "scant" treatment record is a reasonable observation of the limited relationship Plaintiff had with each of the treating physicians and, consequently, a proper comment regarding the information upon which each physician could base his opinion. *See* R. 293-95, 326-28 (records showing Plaintiff was seen by Dr. Maldonado six times between 2008 and 2016), 304-08 (records showing Plaintiff was seen by Dr. Belt five times between 2010 and 2014); 20 C.F.R. §§ 404.1527(c)(2)(i), 416.927(c)(2)(i) (prescribing that generally "the more times [the claimant has] been seen by a treating source, the more weight we will give to the source's medical opinion").

II.  WHETHER THE ALJ PROPERLY WEIGHED THE REVIEWING PHYSICIANS' OPINIONS

Plaintiff contends that the ALJ failed to properly support her assignment of great weight to the opinions of state-agency reviewing physicians Dr. J.S. and Dr. Boatman.  *See* Pl.'s Br. at 20-23.  As noted above, both of these physicians found that Plaintiff was able to perform a full range of light work.  R. 69-70, 80-81, 93-94, 105-06.  In addressing these opinions, the ALJ stated:

> The State agency medical consultants are acceptable medical sources.  In addition, they are familiar with the disability evaluation process and its requirements.  Further, their opinions are largely consistent with the evidence as a whole, which revealed only intermittent neuropathy, intermittent edema, and abdominal tenderness (Exhibits 2F; 4F; 6F).  Supportively, the claimant was also observed with full musculoskeletal strength and a normal gait during the consultative medical exam (Exhibit 4F).  Moreover, the claimant was recently observed in February 2016 without any neurological deficits (Exhibit 6F, 3).
>
> Notably, the State agency assessments are also consistent with the claimant's reported level of functioning, as he reportedly completes numerous activities of daily living without assistance, including mowing the lawn (*See* Exhibits 4E; 9E).  Finally, Dr. Boatman also specializes in surgery, which bolsters the probative value of his assessment.  For these reasons, the collective opinions of Drs. Boatman and J.S. are accorded great weight.

R. 25.

Plaintiff raises several challenges to the ALJ's assessment of these opinions.  First, Plaintiff argues that the reviewing physicians' familiarity with the disability process "adds little value to their opinions" and that familiarity with Social Security regulations "does not equal a familiarity with a particular claimant."  Pl.'s Br. at 21-22.  Plaintiff asserts that nonexamining, nontreating sources such as Drs. J.S. and Boatman are "presumably entitled to less weight" than treating and examining sources.  *Id.* at 22.

The relevant guidance explains that "the opinions of physicians or psychologists who do not have a treatment relationship with the individual are weighed by stricter standards, based to a greater degree on medical evidence, qualifications, and explanations for the opinions, than are required of treating sources." SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996). Thus, the opinions of state-agency medical consultants "can be given weight only insofar as they are supported by evidence in the case record." *Id.* Here, the ALJ's discussion meets these requirements. The ALJ cited multiple items of specific evidence in the record that were consistent with Dr. Boatman's and Dr. J.S.'s opinions. *See* R. 25. The ALJ's mention of the physicians' familiarity with the process recognized that she must consider their conclusions, but there is no indication from the written decision that the ALJ felt improperly "bound by" these physicians' findings. SSR 96-6p, 1996 WL 374180, at *2 ("Because State agency medical . . . consultants . . . are experts in the Social Security disability programs, the rules . . . require [ALJs] and the Appeals Council to consider their findings of fact about the nature and severity of an individual's impairment(s) as opinions of nonexamining physicians . . . .").

Plaintiff also complains that the ALJ failed to explain why Dr. Boatman's specialty in surgery would enhance the probative value of his opinion and that the ALJ's focus on this specialization resulted in her improperly "weigh[ing] the treating physicians' opinions against Dr. Boatman, not Dr. Boatman's opinion against the treating physicians." Pl.'s Br. at 22-23 (quoting *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004)). Although the ALJ did not provide a thorough discussion of this factor, the ALJ was required only to "explain[] the weight" given to Dr. Boatman's opinion, and she did so. SSR 96-6p, 1996

WL 374180, at \*2.  The medical issues upon which Dr. Boatman opined are not so obviously unrelated to a surgery specialization as to show evident error by the ALJ.  *See* 20 C.F.R. §§ 404.1527(c)(5), 416.927(c)(5); *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012) ("The more comprehensive the ALJ's explanation, the easier our task; but we cannot insist on technical perfection."); R. 93-94, 105-06.  And because Dr. J.S. and Dr. Boatman assessed identical restrictions, Plaintiff has not shown that the ALJ's emphasis on Dr. Boatman's surgical background had any material effect on the ALJ's RFC determination.  Plaintiff has not shown that the ALJ improperly examined the treating physicians' opinions "to see if they outweigh[ed]" Dr. Boatman's opinion.  *Hamlin*, 365 F.3d at 1215 (internal quotation marks omitted).

III.  WHETHER THE ALJ FAILED TO PROPERLY CONSIDER PLAINTIFF'S OBESITY IN ASSESSING HIS RFC

An ALJ must consider the limiting effects of both severe and nonsevere impairments in determining the claimant's RFC.  *See* 20 C.F.R. §§ 404.1545(e), 416.945(e).  Plaintiff argues that the ALJ failed to consider the impact of Plaintiff's nonsevere impairment of obesity in assessing his RFC.  *See* Pl.'s Br. at 23.  Specifically, Plaintiff cites Social Security Ruling 02-1p to argue that Plaintiff's body mass index places him at increased risk for developing symptoms related to his obesity.  Plaintiff contends that two of his impairments, DM and hypertension, can be exacerbated by obesity, and cites treatment notes from Dr. Maldonado indicating that Plaintiff was obese.  *See id*. at 25-26; SSR 02-1p, 2002 WL 34686281 (Sept. 12, 2002).

The ALJ specifically found that Plaintiff "did not allege any functional limitations" due to his obesity, and Plaintiff does not dispute that finding in this action. R. 22; *see* Pl.'s Br. at 27. Further, Plaintiff did not "testify that his weight contributed to his inability to engage in activities in any way," "points to no omitted functional limitation that was necessary in light of [his] obesity," and "has not shown that [his] obesity alone, or in combination with other impairments, resulted in any further limitations" or prevented him from performing light work. *Briggs v. Astrue*, 221 F. App'x 767, 771 (10th Cir. 2007) (internal quotation marks omitted); *Bryant v. Berryhill*, No. CIV-15-1151-HE, 2017 WL 401263, at *6 (W.D. Okla. Jan. 30, 2017); *Smith v. Colvin*, 625 F. App'x 896, 899 (10th Cir. 2015). The ALJ considered the impact of Plaintiff's musculoskeletal issues on his RFC, noting that despite Plaintiff's complaints of edema and lower-back pain, physical examinations revealed full musculoskeletal strength, a normal gait, and no neurological deficits. R. 24-25; *cf. Howard v. Barnhart*, 379 F.3d 945, 948 (10th Cir. 2004) (finding that ALJ adequately discussed possible ramifications of claimant's obesity where he addressed "lack of marked arthritic pain, joint deformity, or musculoskeletal impairment"). Plaintiff's argument is essentially an argument "that for each piece of evidence the ALJ discussed in formulating her RFC," the ALJ was "also required to note the absence of any evidence that [Plaintiff's] obesity resulted in additional functional limitations or exacerbated any other impairment"—a proposition that has been rejected by the Tenth Circuit. *Smith*, 625 F. App'x at 899. Plaintiff has not shown reversible error in the ALJ's consideration of his obesity impairment in the RFC assessment.

## CONCLUSION

The decision of the Commissioner is affirmed. A separate judgment shall be entered.

ENTERED this 10th day of September, 2018.

CHARLES B. GOODWIN
United States District Judge